United States District Court
Southern District of Texas
FILED

DEC 11 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA,        )
                              )
v.                            )   C.A. B-02-144
                              )
AARON CABRERA, INS            )
  ACTING DIRECTOR, HLG/DO and )
JOHN ASHCROFT, ATTORNEY       )
  GENERAL OF THE UNITED STATES.)
                              )
_____)

**NOTICE OF FILING EXHIBIT "C" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, by and through the undersigned, respectfully advises this Honorable Court that the guilty plea which formed the basis of the removal proceedings at issue has been withdrawn, and Mr. Reyna is no longer subject to removal as charged.

On November 1, 2001, following a plea of guilty, Mr. Reyna received deferred adjudication, with three years probation. However, as of December 3, 2002, the Judgment of the Court was modified, and the guilty plea withdrawn, *nunc pro tunc*, pursuant to Mr. Reyna's "Motion For Remittitur of Record." *See, Shelvin v. Lykos*, 741 S.W.2d 178,184 (CtApp - Houston 1987) (discussing inherent powers of Court - *e.g.*, "those powers that aid the court in the exercise of its jurisdiction.").[1] A copy of the Order is attached.

Although the modified Judgment continues Mr. Reyna's deferred adjudication status, under the jurisdiction of the Court, the guilty plea has been withdrawn. This was done other than pursuant to a rehabilitative statute. Therefore, Mr. Reyna no longer has a

---

[1] Here, the Order allowing Mr. Reyna to withdraw his guilty plea "aid[s] the court in the exercise of its jurisdiction," since the Court would lose jurisdiction over him if he were removed.

conviction for purposes of the immigration laws. *See, In Re Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000) holding that 28 U.S.C. §1738 required the BIA to give full faith and credit to the state court order vacating the judgment, because it was not issued pursuant to a rehabilitative statute. [2]

Therefore, it is respectfully urged that Mr. Reyna is no longer subject to removal, and should be granted immediate relief.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, and Exhibit, were mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen TX 78551, this 9th day of December, 2002.

---

[2] The case at bar is fundamentally different from *Renteria-Gonzalez v. INS*, ___ F.3d ___ (5th Cir. 11/11/02), 2002 U.S. App. LEXIS 23456. *Renteria* involved a federal, not state, judgment, and the Fifth Circuit concluded that the District Court had been without jurisdiction to vacate the conviction at issue. Further, because it was a federal conviction, and the Order vacating the conviction emanated from a federal, rather than a state court, there was no "full faith and credit" issue. For this reason, the Court did not consider *Rodriguez-Ruiz*, or the question of whether it was bound to defer to the BIA's reasoning therein.

2

CAUSE NO. CR 00 11 07208

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 79th JUDICIAL DISTRICT |
| EUGENIO REYNA MONTOYA | § | BROOKS COUNTY, TEXAS |

### ORDER MODIFYING JUDGMENT

On _Dec. 3rd_ 2002, the motion of EUGENIO REYNA MONTOYA, the defendant in the above-numbered and styled cause, to modify the judgment signed and entered for this cause on November 1st 2001, which motion came on regularly for consideration, due notice having been given, and the parties appeared by their attorneys.

On considering the pleadings on file with the Court, the evidence received, and the arguments of counsel, the Court finds and concludes that the motion should be granted in the interests of justice and equity, and to avoid a manifest injustice.

ORDERED, that the plea of guilt and deferred adjudication previously entered in this Court on November 1st 2001 for the above-numbered and styled cause be modified to indicate that the Court's order of deferred adjudication is not based on any guilty plea. This Court's previous orders remain constant and in full effect, yet the acceptance of the guilty plea has been withdrawn as if it had never been entered. The entry of judgment as modified is ordered *nunc pro tunc*.

Dated: _Dec 3rd 2002_

The Honorable ~~Terry Canales~~

Entered:_____

_____
Clerk of the 79th Judicial District Court

