United States District Court
Southern District of Texas
FILED

DEC 2 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA, ET AL.,            )
                                          )
        Petitioners,                      )
                                          )   CIVIL ACTION NO. B-02-144
v.                                        )
                                          )
AARON CABRERA,                            )
INS DISTRICT DIRECTOR                     )
JOHN ASHCROFT, Attorney General           )
                                          )
        Respondent.                       )
_____)

**OPPOSED MOTION TO STRIKE EXHIBIT "C" AND OPPOSED MOTION TO
DISMISS FOR FAILURE TO EXHAUST OR, IN THE ALTERNATIVE, TO
TRANSFER THE CASE TO THE U.S. COURT OF APPEALS FOR THE FIFTH
CIRCUIT**

Respondent Immigration and Naturalization Service ("INS") respectfully reasserts its prior motion to dismiss and now moves to dismiss the habeas petition on a different ground - for failure to exhaust. In the alternative, the respondent moves to transfer the case to the Fifth Circuit Court of Appeals. If the Court neither dismisses nor transfers the case, the government moves to strike Petitioner's Exhibit "C" as irrelevant.

**ARGUMENT**

I. PETITIONER MAY NOT CHALLENGE HIS REMOVABILITY IN HABEAS
CORPUS BECAUSE THE COURT OF APPEALS MAY ADDRESS
THE ISSUES HE RAISES ON PETITION FOR REVIEW

A.  Habeas Corpus Is Not Available Where the Court of Appeals
    Can Hear the Issues Presented by a Petitioner.

    The law of the circuit is clear that habeas corpus is not

available where the court of appeals could have heard the issue presented by a petitioner. See Santos v. INS, 228 F.3d 591, 596 (5th Cir. 2000); Rivera-Sanchez v. INS, 198 F.3d 545, 547-48 (5th Cir. 2000); Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999). In Santos, the Court held in a habeas action that habeas corpus was not available to a "transition" rule alien - an alien whose deportation proceeding was commenced before April 1, 1997, where the Board's decision was entered after October 30, 1996 - where the alien had previously obtained review in the court of appeals pursuant to a petition for review. Santos, 228 F.3d at 597.

> [I]n dismissing Santos's petition for review, we determined that burglary of a vehicle is an aggravated felony - the very finding Santos challenges in his section 2241 petition. Santos has therefore failed to establish that the ground raised in his petition for habeas corpus could not have been raised earlier, and we find no basis for holding that the remedy provided by the prior proceedings was inadequate or ineffective to test the validity of his deportation order. 8 U.S.C. § 1105a(c) (1994).

Id.

In Rivera-Sanchez, the Court held that the district court lacked jurisdiction over the alien's habeas petition because the issues raised by Rivera could have been heard in a petition for review. 198 F.3d at 547-48. In that case, Rivera sought to challenge a final removal order in habeas corpus. Id. at 546-47. The Court held that Rivera, who was not subject to any limitation

2

on review in the court of appeals, could not forego a petition for review and challenge his order in habeas corpus. Id. at 547-48.

> [H]abeas jurisdiction exists only where "challenges cannot be considered on direct review by the court of appeals." Requena-Rodriquez, 190 F.3d at 305. Section 309(c)(4)(G) of IIRIRA denies us jurisdiction to consider petitions for review only when an alien has committed a referenced criminal offense. . . . [W]e have jurisdiction to review directly a deportation order entered against Rivera. Accordingly, the district court lacked jurisdiction to entertain Rivera's habeas petition. See Requena-Rodriquez, 190 F.3d at 305.

Id.

Similarly, Requena-Rodriquez involved a transition rule criminal alien who challenged the retroactive application of § 440(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), which barred discretionary relief from deportation for certain criminal aliens. 190 F.3d at 302. The Court held that habeas corpus was available where no review was available in the court of appeals. Id. at 306.

> We conclude that § 2241 habeas jurisdiction continues to exist under IIRIRA's transitional rules in cases involving final orders of deportation against criminal aliens, and that habeas jurisdiction is capacious enough to include constitutional and statutory challenges <u>if those challenges cannot be considered on direct review by the court of appeals</u>.

3

Id. at 305 (emphasis added). The Court then explained the role of habeas corpus *vis-a-vis* direct review:

> It is true that under our decision two different courts will have the power to delay deportation. But <u>there will be no overlap</u> between direct review and habeas review because it has already been made clear that this court . . . is powerless to review criminal aliens' cases under the transitional rules.

Id. at 306 (emphasis added). Thus, collateral challenges under § 2241 are not available where direct review is available in the court of appeals.

B. **The Court of Appeals on Petition for Review Has Jurisdiction to Determine Jurisdiction and to Review Substantial Constitutional Issues Even Where the Court's Review is Restricted by INA § 242(a)(2)(C).**

Under the post-IIRIRA judicial review scheme, the Court's jurisdiction over challenges to removal orders by certain classes of criminal aliens, including those who have committed a controlled substance offense or an aggravated felony under INA § 237(a)(2)(A)(iii) or (B), 8 U.S.C. § 1227(a)(2)(A)(iii), (B), is restricted. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001).[1] Calcano-Martinez v. INS, 121 S. Ct. 2268, 2270

---

[1] INA § 242(a)(2)(C) provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section 212(a)(2) [8 U.S.C. § 1182] or <u>237(a)(2)(A)(iii)</u>, <u>(B)</u>, (C), or (D) [8 U.S.C. § 1227], or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise

4

(2001)(emphasis added). Notwithstanding the language of INA § 242(a)(2)(C), however, the Court retains jurisdiction to determine whether it has jurisdiction over a particular matter. Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001) ("Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts."); Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000), cert. denied 121 S. Ct. 757 (2001); Petitioner-Leon v. INS, --F.3d--, 2001 WL 1420473, *3 (7th Cir. Nov. 14, 2001). Accordingly, on petition for review the Court will review whether Petitioner is (1) an alien, (2) who is removable, (3) by reason of having committed a criminal offense covered in INA § 237(a)(2)(B). INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001); Balogun, 270 F.3d at 278.

The Court also retains "jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims." Balogun, 270 F.3d at 278 n.11. (describing substantial constitutional claims as an "alternative route to jurisdiction"); and see Webster v. Doe, 486 U.S. 592, 603 (1988); Flores-Leon v. INS, 2001 WL 1420473, *3 ("an alien may challenge his deportability on constitutional grounds directly in the court of appeals provided that he raises a

---

covered by section 237(a)(2)(A)(i).

8 U.S.C. § 1252(a)(2)(C) (West 2001) (emphasis added).

substantial constitutional claim"); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 n.2 (11th Cir. 2001) (holding that there is no "statutory constraint on [the court's] jurisdiction to address constitutional challenges") (citing Richardson v. Reno, 180 F.3d 1311, 1316 n. 5 (11th Cir. 1999)); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1311 (2001) ("Despite the broad language of § 1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA."); Lara-Ruiz v. INS, 241 F.3d 934, 938-39 (7th Cir. 2001) (same). If the Court determines that the jurisdictional facts for review preclusion are present, and that no substantial constitutional issues are raised, it must dismiss the petition for review for lack of jurisdiction. Lara-Ruiz, 241 F.3d 938-39.

**C.   Petitioner Cannot Collaterally Attack His Order of Removal in Habeas Corpus Because Direct Review in the Court of Appeals Is Available on Petition for Review.**

Here, it is clear that Petitioner may raise his issues in the court of appeals on petition for review. Petitioner challenges whether he is removable based on a drug conviction. The court of appeals would address that issue in the course of analyzing its "jurisdiction to determine jurisdiction" under INA § 242(a)(2)(C). See Balogun v. Ashcroft, 270 F.3d at 278; Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir. 2000), cert. denied, 121 S. Ct. 757 (2001). Moreover, to the extent that the Petitioner raises any constitutional issues, the court of appeals retains

jurisdiction over any constitutional issues regarding the application of a ground of removal. Balogun, supra. Thus, the Court may review Petitioner' claims on petition for review and he cannot obtain such review by way of habeas corpus. Accordingly, this Court lacks jurisdiction over the habeas corpus petition.

In the present litigation, the Petitioner has circumvented normal procedures by avoiding a petition for review in the Fifth Circuit altogether. Petitioner previously filed a habeas petition to challenge his pre-final-order detention under the provision of INA Sec. 236(c); 8 U.S.C. § 1226(C). Reyna-Montoya v. Trominski, No. CV 01-126. Once his removal order became final on July 18 2002, his detention was no longer governed by Section 236(c). With a final removal order in hand, Petitioner filed another habeas, - the case at bar - (challenging his removal as an aggravated felon and arguing that his drug conviction did not render him removable) rather than filing a petition for review with the Fifth Circuit. The subject matter of Petitioner's Exhibit C did not exist at the time he filed the instant habeas petition, nor has the Board of Immigration Appeals had the opportunity to rule upon it.

Petitioner remains under the BIA's July 18, 2002 final order of deportation. Final orders of deportation are to be reviewed by the Court of Appeals. INA Sec. 242(b)(2). However, instead of challenging his removal in the Court of Appeals, Petitioner

merely filed another habeas in the District Court, without first exhausting his remedies. Thus, petitioner circumvented the entire process and slid his appeal from one habeas petition to another, without first going to the Court of Appeals. He has failed to exhaust his remedies, and the petition should be dismissed for that reason[2].

In the alternative, because Petitioner's habeas petition would have been timely filed if it were properly filed as a petition for review in the Court of Appeals, the government would move to transfer the case to the Court of Appeals for the Fifth Circuit.

**II. PETITIONER'S EXHIBIT C SHOULD BE STRICKEN AS IRRELEVANT BECAUSE THE BOARD OF IMMIGRATION APPEALS HAS NOT RULED ON IT.**

In the event that the Court finds it retains jurisdiction to hear the instant case, Respondent moves to strike Petitioner's Exhibit C as irrelevant. The Board below has never seen this recent court order and has thus never ruled on the issue of what impact, if any, it has on the Petitioner's final order of removal. In essence, petitioner has not only skipped the Court of Appeals; now he is trying to skip the BIA as well. Since the subject matter of Petitioner's exhibit C has never been examined

---

[2] The reason Petitioner had to file a habeas petition in the first instance - to challenge his detention under Sec. 236(c) - was that he had no final order of removal from the Board, and thus could not appeal to the Court of Appeals. Upon having a final order, he was obligated to file in the Court of Appeals. He has not done that.

by the Board and is not a component of the decision below, it is irrelevant to the instant litigation and should be stricken.

Furthermore, Petitioner's Exhibit C is at best, cryptic and vague. The reader does not know why the Court withdrew the guilty plea, and what the residual effect of the ruling is where the Court allegedly withdrew the guilty plea yet maintained the petitioner in deferred adjudication status. The reader does not know whether the plea was withdrawn because of factual flaws in the prosecution's case, or whether it was done on purely "equitable" grounds. The order raises more questions than it answers.

At best, further factfinding is necessary. While Petitioner would have this Court perform that role - as opposed to the Board of Immigration Appeals - the Supreme Court recent ruling in <u>Immigration and Naturalization Service v. Ventura</u>, 537 U.S. ---- (2002) counsels a different result. Furthermore, if in fact the Petitioner has new facts which should impact on his final order of removal, it is incumbent upon him to file a motion to reopen with the Board of Immigration Appeals. 8 C.F.R. § 3.2.

**III PETITIONER'S ARGUMENT WITH RESPECT TO THE IMPACT OF EXHIBIT C IS FLAWED.**

The government contends that any argument that petitioner no longer has a conviction for immigration purposes is problematic, in light of recent Fifth Circuit precedent which holds that a vacated conviction, state or federal, remains valid for the

purpose of the immigration laws. <u>Renteria-Gonzalez v. INS</u>, 310 F.3d 825 at 835 (5th Cir. 2002)("This analysis suggests that a vacated conviction, federal or <u>state</u>, remains valid for purposes of the immigration laws, and five circuits, including this court, have concluded that a vacated or otherwise expunged state conviction remains valid under § 1101(a)(48)(A).")(emphasis added). In the event the Court declines to strike petitioner's Exhibit C, the government reserves the right to present further argument about the removal consequences of Petitioner's conviction.

## CERTIFICATE OF CONSULTATION

The undersigned has consulted with counsel for the petitioner on the instant motion. Petitioner opposes the motion to strike Exhibit "C". Petitioner opposes the motion to dismiss for failure to exhaust. With respect to the alternative motion to transfer the petition to the Fifth Circuit Court of Appeals, the Petitioner has indicated that he wishes to address that alternative motion in his own pleading to the Court.

## CONCLUSION

The Court should grant the instant motion and dismiss, or in the alternative, transfer the case to the Fifth Circuit Court of Appeals. If the Court neither dismisses the habeas petition nor transfers it to the Fifth Circuit, the Court should strike Petitioner's Exhibit "C".

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director

_/s/ Paul Fiorino_
PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

Dated:   December 19, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2002, a copy of the foregoing **"OPPOSED MOTION TO STRIKE EXHIBIT "C" AND OPPOSED MOTION TO DISMISS FOR FAILURE TO EXHAUST OR, IN THE ALTERNATIVE, MOTION TO TRANSFER THE CASE TO THE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT"** was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586


*/s/ Paul Fiorino*
PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986