Case 1:02-cv-00144   Document 14   Filed in TXSD on 01/02/2003   Page 1 of 11

United States District Court
Southern District of Texas
FILED

JAN 0 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA, )
)
v. ) C.A. B-02-144
)
AARON CABRERA, et al. )
_____ )

**PETITIONER'S OPPOSITION TO INS' MOTIONS TO DISMISS, AND TO STRIKE EXHIBIT C, AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Eugenio Reyna-Montoya, ("Mr. Reyna"), through counsel, files the instant Opposition to the second motion of Respondents (hereinafter "INS") to dismiss his Petition, and to strike Petitioner's Exhibit C, [Dkt.13]. Simultaneously, Petitioner moves for summary judgment.

I. **THIS COURT HAS JURISDICTION OVER THE CASE AT BAR**

INS first urges that the instant case be dismissed for lack of jurisdiction, or in the alternative, transferred to the Fifth Circuit. This claim is premised on the assertion that "the court of appeals could have heard the issue[s] presented" by Mr. Reyna. (INS:2). However the *dicta* in *Balogun v. Ashcroft,* 270 F.3d 274 (5th Cir. 2001), quoted at (INS:5) in support of the claim that the Fifth Circuit could have heard Mr. Reyna's constitutional claims is based on prior case law that was explicitly overruled by *St. Cyr,* 121 S.Ct. 2271 (2001), and *Calcano-Martinez v. INS,* 121 S.Ct. 2268 (2001), and is contradicted by other Fifth Circuit cases. [1]

In *Balogun, supra* at 278,n.11, the Fifth Circuit commented:

> Courts also retain jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims. Nehme v. INS, 252

---

[1] *Cano-Miranda v. Ashcroft,* 262 F.3d 477 (5th Cir. 2001) (court erred in dismissing for want of jurisdiction a §2241 petition complaining of denial of due process in removal proceedings). The other cases cited pre-date *St. Cyr,* and therefore cannot be considered "good law" with respect to the issue addressed herein.

>F.3d 415, 420 (5th Cir. 2001); *Lara-Ruiz v. INS*, 241 F.3d 934,939 (7th Cir. 2001). Balogun raises no constitutional challenges at all, so this alternative route to jurisdiction over the case is not open to us.

That this is *dicta* is evident from the fact that Balogun raised no constitutional challenges. Moreover, the cases on which it is based, *Nehme v. INS*, and *Lara-Ruiz v. INS*, both precede *St. Cyr* and *Calcano, supra*. This aspect of *Nehme, supra*. at 420, is, in turn, based on *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000), one of the cases explicitly disavowed in *St. Cyr, supra* at 2275,n.1.

Not coincidentally, no subsequent case cites *Balogun* for this proposition.[2] To the contrary, the Fifth Circuit has explicitly recognized, and given effect to, this aspect of *St. Cyr*, holding that Due Process claims may be heard in habeas, and other circuit courts have reached similar conclusions. *Cano-Miranda supra*.[3] Even assuming, *arguendo*, that some or all of the constitutional

---

[2] It is also noteworthy that there are no post-*St.Cyr*, Fifth Circuit cases, which on direct review from the BIA, address the constitutional claims of a petitioner who falls within the scope of 8 U.S.C. §1252(a)(2)(C). Rather, such cases are routinely dismissed for lack of jurisdiction, on motion of INS.

[3] *See also, Bosede v. Ashcroft*, 309 F.3d 441 (7th Cir. 2002) (review-preclusion provisions do not prevent the court from determining whether the alien is being removed for a permissible reason; alien may not raise other constitutional or statutory challenges in a direct review petition, but habeas corpus remains available for such claims); *Gutierrez-Chavez v. INS*, 298 F.3d 824 (9th Cir. 2002) (habeas review of removal orders encompasses constitutional and statutory claims); *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir. 2002) (habeas review remained available to address petitioner's constitutional claims on reinstatement of deportation order); *Perez v. Elwood*, 294 F.3d 552 (3rd Cir. 2002) (court had jurisdiction to review statutory and constitutional claims in habeas corpus); *Sol v. INS*, 274 F.3d 648 (2nd Cir. 2001) (same).

claims could be heard on a petition for review, statutory issues such as his claim that the BIA improperly classified his offense as an aggravated felony would not be reviewable in that context. *Calcano-Martinez, supra.* Consequently, this Court would still have jurisdiction over Mr. Reyna's other claims under 28 U.S.C. §1367 (supplemental jurisdiction). [4] INS has cited, and Petitioner has located, **no post-*St. Cyr* cases** wherein a circuit court held that habeas review of constitutional claims was impermissible because such claims could have been, but were not, raised in direct review. Certainly, if such were the law, at least one court would have so held in the year and a half following the issuance of *St. Cyr*. [5]

## II. PETITIONER'S EXHIBIT C
### A. MR. REYNA HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE TO HIM AS OF RIGHT

INS also claims that Mr. Reyna is attempting to "skip the BIA" with respect to Exhibit C. [6] (INS:8). To this end, INS asserts that he should "file a motion to reopen with the Board of Immigration Appeals," citing 8 C.F.R. §3.2 (INS:9). In essence, this is a claim that he failed to exhaust available administrative remedies.

---

[4] *Smith v. Amedisys*, 298 F.3d 434,446-7 (5th Cir. 2002), quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (1999). (decision to exercise supplemental jurisdiction based on the "provisions of 28 U.S.C. §1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."

[5] Such a holding would also make no sense from a judicial economy point of view. It would require immigrants with both statutory and constitutional claims to file petitions both in the court of appeals, and district court, since the supplemental jurisdiction of §1367 is limited to the district courts. Should the Court find merit in INS' arguments, however, Mr. Reyna would concur that the appropriate remedy would not be dismissal, but transfer to the Court of Appeals, under 28 U.S.C. §1631.

[6] Since jurisdiction attaches when the petition is filed, *Spencer v. Kemna*, 118 S.Ct. 978,983 (1998), the fact that Mr. Reyna is no longer subject to removal does not affect jurisdiction.

This argument is flawed for at least two reasons. The exhaustion doctrine only applies to administrative remedies available "as of right," and the Fifth Circuit has held that motions to reopen are not generally within its scope. [7] Further, under 8 C.F.R. §3.2(c)(2), such a motion may only be filed within 90 days of the BIA's decision. The Order at issue did not come into existence until more than 90 days after the BIA's decision, so Mr. Reyna does not have a "right" to seek reopening for the BIA to consider its impact. He therefore has exhausted his administrative remedies. [8]

### B.   EXHIBIT C STANDS ON ITS OWN MERIT

INS considers the Order "cryptic and vague," because it does not specify "why the Court withdrew the guilty plea." (INS:9). [9] But the reasons are irrelevant, so long as it was not done pursuant to a "rehabilitative statute." Clearly, there is no "rehabilitative statute" authorizing the Court to allow a defendant to withdraw his guilty plea, and still maintain all other orders, [10] thus continuing

---

[7] See, Goonsuwan v. Ashcroft, 252 F.3d 383,387 (5th Cir.2001).

[8] Mr. Reyna also asserts that exhaustion is not a statutory requirement for review under 28 U.S.C. §2241. Marcello v. District Director, 634 F.2d 964,971 (5th Cir.1981). Although the Fifth Circuit reached a contrary conclusion in Goonsuwan v. Ashcroft, 252 F.3d 383,387 (5th Cir. 2001), said decision was issued prior to St. Cyr, based on the assumption that "review" under habeas was the same as statutory review, which is no longer viable under St. Cyr.

[9] Mr. Reyna would stipulate that the purpose of the Order was to forestall his deportation, so that the criminal court would not lose jurisdiction over him. However, it would be improper to go behind the order, to inquire into the Court's motivation (e.g., whether it was to ensure that probation fees would still be paid, to facilitate rehabilitation, from a sense that deportation would be unjust under the circumstances, or a combination thereof).

[10] See, §42.12, Texas Code of Criminal Procedure, "Community Supervision." Nowhere in said statute does it authorize the Court to allow a defendant to withdraw his guilty plea, while continuing

4

his status as a probationer. INS also complains that the "residual effect of the ruling" is unclear. *id.* Nor is it clear what INS means by the "residual effect." The order is what it is: it withdraws the guilty plea, and maintains all other orders in effect. At best, it is an ingenious solution to Mr. Reyna's problem. At worst, it is an ingenious solution to his problem.

Nor is there any merit to INS' argument under *Renteria-Gonzalez v. INS*, 310 F.3d 825 (5th Cir. 2002). Apart from the fact that a petition for rehearing has been filed, and a brief in support thereof by *amicus* has also been submitted, the language quoted at (INS:10) is clearly *dicta*. Moreover, said *dicta* does not take into consideration, let alone give appropriate deference to, BIA precedent holding that an order from a state court vacating a conviction, other than pursuant to a rehabilitative statute, must be given "full faith and credit" under 28 U.S.C. §1738, which statute also binds this Honorable Court, and the Fifth Circuit. *See, In Re Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT

Mr. Reyna has now been detained for over a year. He and his family are suffering greatly. Therefore, even though some of the issues herein are also presented in other cases, [11] Mr. Reyna would move for partial summary judgment, solely on the issue of whether or not he is still subject to removal, in light of Exhibit C. As the BIA held in *Rodriguez-Ruiz, supra* at (emphasis added):

> The parties agree that the determinative issue in this case is whether the respondent's conviction, having been

---

all other aspects of the order granting deferred adjudication, and probation. If INS knows of a statute authorizing the procedure involved herein, it would behoove them to identify it.

[11] *E.g., Salazar-Regino v. Trominski*, CA B-02-045.

vacated, constitutes a "conviction" as defined in section 101(a)(48)(A) of the Act, 8 U.S.C. §§ 1101(a)(48)(A) (Supp. IV 1998), and in accordance with *Matter of Roldan*, Interim Decision 3377 (BIA 1999). The respondent argues that removal proceedings should be terminated because the explicit language of the state court judgment vacated his conviction, and therefore the charge of removability based on that conviction cannot be sustained. *The Service contends that, because the conviction was vacated for purposes of avoiding removal, and not for reasons relating to a constitutional or legal defect in the criminal proceedings, the respondent's conviction remains a "conviction" under the Act, for which he should be found removable as charged.*

Despite the Service's arguments on appeal, we find that the order of the New York court does not constitute a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction **by operation of a state rehabilitative statute**. *See Matter of Roldan, supra*. **The New York criminal law provision under which the respondent's conviction was vacated is neither an expungement statute nor a rehabilitative statute**.

*The Service urges us to go behind the state court judgment and question whether the New York court acted in accordance with its own state law in the context of these proceedings.* We do not find that we are compelled to do so under *United States v. Campbell*, 167 F.3d 94 (2d Cir. 1999), a case involving a conviction that was vacated under Texas law in the context of sentence enhancements under federal law. *We will instead accord full faith and credit to this state court judgment. See* 28 U.S.C. §§ 1738 (1994) (requiring federal courts to accord full faith and credit to state court judgments).

... Because we agree that the state court order vacating the conviction does not constitute a state rehabilitative action under *Matter of Roldan, supra*, there is no current basis to find the respondent removable as charged. Accordingly, the appeal will be sustained, and the removal proceedings will be terminated.

Here also, the relevant question is not whether "the conviction was vacated for purposes of avoiding removal," but whether the Court's action was taken pursuant to "an expungement statute [or] a rehabilitative statute." It is submitted that it was not. There is no state statute authorizing the Court to permit Mr. Reyna to withdraw his guilty plea, while continuing all other orders, and therefore, his status as a probationer. To the contrary, the sole authority for said action lies in the inherent power of the Court to protect its jurisdiction, by preventing INS from removing him. *See, Shelvin v. Lykos*, 741 S.W.2d 178,184 (CtApp - Houston 1987) (discussing inherent powers of Court - *e.g.*, "those powers that aid the court in the exercise of its jurisdiction.").[12] Nor would it be appropriate to "go behind the state court judgment and question whether the [] court acted in accordance with its own state law in the context of these proceedings."[13] Therefore, as in *Rodriguez-Ruiz*, the State Court action is entitled to full faith and credit.

### IV.   CONCLUSION

In conclusion, it is urged that INS' claim that this Court lacks habeas corpus jurisdiction under 28 U.S.C. §2241 is contrary to most, if not all, federal cases decided after *INS v. St. Cyr, and Calcano-Martinez v. INS, supra*, including, most significantly, that of the Fifth Circuit in *Cano-Miranda v. Ashcroft, supra*.

It is also urged that Exhibit C is not only relevant to, but

---

[12] Here, the Order allowing Mr. Reyna to withdraw his guilty plea "aid[s] the court in the exercise of its jurisdiction," since the Court would lose jurisdiction over him if he were removed.

[13] Notably, INS has cited no Texas case which would stand for the proposition that the State Court lacked the authority to take such an action, which, in effect, places Mr. Reyna in the status of pretrial diversion. To the contrary, said action was clearly within the inherent power of the court to protect its jurisdiction.

dispositive of, Mr. Reyna's petition. There were no administrative remedies available to him "as of right" which he could have exhausted, since more than ninety days had lapsed from the time of the BIA's decision before the State Court Order was issued. *See*, 8 C.F.R. §3.2(c)(2). The Order was not issued pursuant to a Texas rehabilitative or expungement statute, as there exists no such statute. Hence, under the BIA's construction of 8 U.S.C. §1101(a)(48)(A), to which this Court must grant appropriate deference under *Chevron USA, v. Natural Resources Defense Council*, 467 U.S. 837 (1984) the Order merits full faith and credit, under 28 U.S.C. §1738 (requiring federal courts to accord full faith and credit to state court judgments). Consequently, Mr. Reyna is no longer subject to removal, and the instant petition should be granted.

Respectfully Submitted,



| | |
|---|---|
| Lisa S. Brodyaga, Attorney | Thelma O. Garcia, Attorney |
| 17891 Landrum Park Road | 301 E. Madison |
| San Benito, TX 78586 | Harlingen, TX 78550 |
| (956) 421-3226 | (956) 425-3701 |
| (956) 421-3423 (fax) | (956) 428-3731 (fax) |
| Fed. ID. 1178 | |
| Texas Bar 03052800 | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and proposed Order, were mailed, first-class postage prepaid, to Paul Fiorino, Attorney, OIL, P.O. Box 878 Ben Franklin Station, Washington D.C. 20044, this 2nd day of January 2003.

_____

In re Miguel Ignacio RODRIGUEZ-RUIZ, Respondent
File A74 726 833 - Batavia

INTERIM DECISION: 3436

DEPARTMENT OF JUSTICE,
BOARD OF IMMIGRATION APPEALS

September 22, 2000 [1], Decided as amended

HEADNOTES:
[*1]

A conviction that has been vacated pursuant to Article 440 of the New York Criminal Procedure Law does not constitute a conviction for immigration purposes within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998). *Matter of Roldan*, Interim Decision 3377 (BIA 1999), distinguished.

COUNSEL:

William H. Berger, Esquire, Buffalo, New York, for respondent.

Denise C. Hochul, Assistant District Counsel, for the Immigration and Naturalization Service.

   Before: Board Panel: DUNNE, Vice Chairman; HOLMES and GUENDELSBERGER, Board Members.

OPINION:

GUENDELSBERGER, Board Member:

   In a decision dated November 10, 1999, an Immigration Judge denied the respondent's motion to terminate proceedings, found him removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998), as an alien convicted of an aggravated felony, and denied his applications for relief from removal. The respondent has appealed from that decision. n2 The appeal will be sustained, and the removal proceedings will be terminated.
n2 By correspondence dated June 2, 2000, the respondent withdrew his request for oral argument. [*2]

   The respondent, a native and citizen of Mexico, was paroled into

---

   [1] On our own motion, we amend the June 22, 2000, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

the United States on January 26, 1996, and became a lawful permanent resident on May 14, 1996. On March 24, 1999, he pled guilty to sexual abuse in the third degree, in violation of section 130.55 of the New York Penal Law, for which he received a 1-year probationary sentence. On August 12, 1999, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862) charging that the respondent is removable as an aggravated felon. On October 1, 1999, the Sweden Town Court, which is the authority that accepted the respondent's guilty plea, explicitly vacated his conviction pursuant to Article 440 of the New York Criminal Procedure Law. The New York court's order vacating the conviction and sentence stated as follows:

It is ORDERED, that pursuant to CPL 440, the judgment had in this Court on March 24, 1999 based upon a plea colloquy dated February 5, 1999 convicting said Defendant of the crime of Sexual Abuse 3rd and the sentence of one (1) year probation are in all respects vacated, on the legal merits, as if said conviction had never occurred and the matter is restored to the docket for further proceedings.
[*3]

The parties agree that the determinative issue in this case is whether the respondent's conviction, having been vacated, constitutes a "conviction" as defined in section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998), and in accordance with *Matter of Roldan*, Interim Decision 3377 (BIA 1999). The respondent argues that removal proceedings should be terminated because the explicit language of the state court judgment vacated his conviction, and therefore the charge of removability based on that conviction cannot be sustained. The Service contends that, because the conviction was vacated for purposes of avoiding removal, and not for reasons relating to a constitutional or legal defect in the criminal proceedings, the respondent's conviction remains a "conviction" under the Act, for which he should be found removable as charged.

Despite the Service's arguments on appeal, we find that the order of the New York court does not constitute a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. [*4] See *Matter of Roldan*, supra. The New York criminal law provision under which the respondent's conviction was vacated is neither an expungement statute nor a rehabilitative statute.

The Service urges us to go behind the state court judgment and question whether the New York court acted in accordance with its own state law in the context of these proceedings. We do not find that we are compelled to do so under *United States v. Campbell*, 167 F.3d 94 (2d Cir. 1999), a case involving a conviction that was vacated under Texas law in the context of sentence enhancements under federal law. We will instead accord full faith and credit to

this state court judgment. *See* 28 U.S.C. § 1738 (1994) (requiring federal courts to accord full faith and credit to state court judgments).

The criminal conviction upon which the charge of removability is based has been vacated. Because we agree that the state court order vacating the conviction does not constitute a state rehabilitative action under *Matter of Roldan, supra*, there is no current basis to find the respondent removable as charged. Accordingly, the appeal **[*5]** will be sustained, and the removal proceedings will be terminated.

ORDER: The appeal is sustained, and the removal proceedings are terminated.