United States District Court
Southern District of Texas
FILED

FEB 1 8 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA,    )
                          )
v.                        )    C.A.  B-02-144
                          )
AARON CABRERA, et al.     )
                          )

**NOTICE OF FILING OF PETITIONER'S EXHIBIT D**

Eugenio Reyna-Montoya, ("Mr. Reyna"), through counsel, files Petitioner's Exhibit D, in response to INS' assertion that his Exhibit C should have first been presented to the BIA.

In their Motion to Strike Petitioner's Exhibit C, INS claimed that Mr. Reyna is attempting to "skip the BIA" with respect thereto, (INS:8), INS asserted that he should have filed a motion to reopen with the BIA. (INS:9) In essence, this was a claim that he failed to exhaust available administrative remedies.

In his opposition to INS' Motion to Strike, Mr. Reyna noted that the exhaustion doctrine only applies to administrative remedies available "as of right," and that the Fifth Circuit has held that motions to reopen are not generally within its scope.[1] He further showed that, under 8 C.F.R. §3.2(c)(2), such a motion may only be filed within 90 days of the BIA's decision. Because the Order at issue did not come into existence until more than 90 days after the BIA's decision, Mr. Reyna did not have a "right" to seek reopening for the BIA to consider its impact.

Nonetheless Mr. Reyna did submit Exhibit C to the BIA, requesting that the Board reopen proceedings. By Order dated February 5, 2003, the Board noted that the 90-day deadline for filing a motion to reopen had passed on October 16, 2002, and that the "motion to reopen was therefore filed out of time." The Board further

---

[1] *See, Goonsuwan v. Ashcroft,* 252 F.3d 383,387 (5th Cir.2001).

"decline[d] to reopen the proceedings *sua sponte*," but gave no explanation for its refusal. Petitioner's Exhibit D, herein incorporated by reference. Indeed, it does not appear that the Board gave Petitioner's Exhibit C any consideration at all. [2]

## CONCLUSION

In conclusion, it is urged that Exhibit D conclusively demonstrates that there were no administrative remedies available to Mr. Reyna "as of right" which he could have exhausted, since more than ninety days had lapsed from the time of the BIA's decision before the State Court Order was issued. *See,* 8 C.F.R. §3.2(c)(2).

And, as previously shown, the Order presented as Exhibit C was not issued pursuant to a Texas rehabilitative or expungement statute, as there exists no such statute. Hence, under the BIA's construction of 8 U.S.C. §1101(a)(48)(A), to which this Court should grant appropriate deference under *Chevron USA, v. Natural Resources Defense Council*, 467 U.S. 837 (1984) the Order merits full faith and credit, under 28 U.S.C. §1738, (requiring federal courts to accord full faith and credit to state court judgments). *See also, In Re Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).

Consequently, it is urged that Mr. Reyna is no longer subject to removal, and the instant petition should be granted.

Respectfully Submitted,

---

[2] Notably, although it was signed by his counsel of record, the Board characterized the motion as having been filed *pro se*, and served the denial directly on Mr. Reyna. Attorney Thelma Garcia has represented from the beginning, and the record of proceedings contains her notice of appearance as attorney of record. The Board's treatment of the motion as having been filed pro se therefore indicates that the Board did not obtain the record of proceedings before denying the motion, and therefore could not have afforded it meaningful consideration.

_Lisa S. Brodyaga_

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, and Exhibit D, were mailed, first-class postage prepaid, to Paul Fiorino, Attorney, OIL, P.O. Box 878 Ben Franklin Station, Washington D.C. 20044, this 18th day of February 2003.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EUGENIO REYNA-MONTOYA, | ) | |
| | ) | |
| v. | ) | C.A. B-02-144 |
| | ) | |
| AARON CABRERA, et al. | ) | |
| _____ | ) | |

**PETITIONER'S EXHIBIT D**

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **REYNA-MONTOYA, EUGENIO**<br>C/O PISPC<br>LOS FRESNOS, TX 78566-0000 | **Office of the District Counsel/PI**<br>P.O. Box 1711<br>Harlingen, TX 78551 |

Name: **REYNA-MONTOYA, EUGENIO**               A36-740-936

<u>D</u>ate of this notice: 02/05/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*[signature]*

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    GRANT, EDWARD R.

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:   A36 740 936 - Harlingen

Date:

In re:   EUGENIO REYNA-MONTOYA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Pro se

ORDER:

PER CURIAM. The motion to reopen has been filed out of time and is denied. The final order in these proceedings was entered by the Board on July 18, 2002. Pursuant to 8 C.F.R. § 3.2(c)(2) (with certain exceptions not pertinent here), a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision. In the instant case, a motion to reopen would have been due on or before October 16, 2002. The record reflects, however, that the motion was not filed with the Board until January 17, 2003. The motion to reopen was therefore filed out of time. Moreover, we decline to reopen the proceedings *sua sponte*. Accordingly, the motion to reopen is denied.

_____  
FOR THE BOARD

*Law Offices of*
# Thelma O. Garcia
*Attorney - Abogada*

301 E. Madison
Harlingen, Texas 78550
(956) 425-3701 • Fax (956) 428-3731

December 27, 2002

**Board of Immigration Appeals**
**Office of the Clerk**
**5201 Leesburg Pike, Suite 1300**
**Falls Church, VA  22041**

Re:   EUGENIO REYNA MONTOYA
      A36 740 936

*Enclosed you will find the Request for Reopening on the Boards Own Motion on the above named individual, our client.*

*Should you have any questions, please do not hesitate to contact my office as soon as possible.*

Sincerely,

LAW OFFICE OF THELMA O. GARCIA

THELMA O. GARCIA
*Attorney At Law*

TOG/dr

*Encl. / As Stated*

cc:   General Counsel
      P.O. BOX 1711
      HARLINGEN, TX  78551

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

**EUGENIO REYNA MONTOYA,**
**A36 740 936**

### REQUEST FOR REOPENING ON THE BOARD'S OWN MOTION

Eugenio Reyna-Montoya, by and through the undersigned, respectfully requests that the Board reopen removal proceedings on its own motion, and terminate said proceedings, for the reason that the "conviction" which formed the basis of said proceedings has been vacated, other than pursuant to a rehabilitative" statute, within the meaning of *In Re Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000), and Mr. Reyna is therefore no longer subject to removal.

### I.   PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent Eugenio Reyna Montoya, (hereinafter, "Mr. Reyna"), is a thirty year old, married, native and citizen of Mexico, who was admitted to the United States as a lawful permanent resident when he was eight years old, on or about March 12, 1981. (Exh. 1). His entire family resides lawfully in the U.S., including his wife, who is also a lawful permanent resident, and their two minor children, both native-born United States citizens.

On November 1, 2001, following his plea of guilty, Mr. Reyna received deferred adjudication, with three years probation, pursuant to Article 42.12, Section 5(a), of the Texas Code of Criminal Procedure. However, as of December 3, 2002, the Judgment of the Court was modified, and the guilty plea withdrawn, *nunc pro tunc*, pursuant to Mr. Reyna's Motion For Remittitur of Record.

Notably, the Court continued all other orders, in effect leaving Mr. Reyna on probation, but without the underpinning of a guilty plea. Notably, this is not an action taken pursuant to any rehabilitative statute, since there is no such statute in

existence, which would permit the withdrawal of the guilty plea, but continue the defendant on probation. Rather, the effect of the Court's action was to preserve the jurisdiction of the Court. *See, Shelvin v. Lykos*, 741 S.W.2d 178,184 (CtApp - Houston 1987) (discussing inherent powers of Court - *e.g.*, "those powers that aid the court in the exercise of its jurisdiction.").[1]

Although the modified Judgment continues Mr. Reyna's deferred adjudication status, under the jurisdiction of the Court, the guilty plea has been withdrawn, *nunc pro tunc*, other than pursuant to a rehabilitative statute. Therefore, Mr. Reyna no longer has a conviction for purposes of the immigration laws. *See, Rodriguez-Ruiz, supra*, giving full faith and credit to state court order vacating judgment for other than rehabilitative purposes.[2] Since the Order was not issued for rehabilitative purposes, the Board must give it full faith and credit.

## II. ARGUMENT

In *Matter of Beckford*, I.D. 3425 (BIA 2000), the Board acknowledged its power to reopen, on its own initiative, proceedings where motions to reopen by the respondent would be precluded for lack of timeliness and similar factors. The Board therein established a "exceptional circumstances" test for such reopening.

---

[1] Allowing Mr. Reyna to withdraw his guilty plea "aid[s] the court in the exercise of its jurisdiction," since the Court would lose jurisdiction over him if he were removed.

[2] The case at bar is fundamentally different from the situation in *Renteria-Gonzalez v. INS*, _ F.3d _ (5th Cir. 11/11/02), 2002 U.S. App. LEXIS 23456. *Renteria* involved a federal, not state, judgment, so there was no "full faith and credit" issue. For this reason, the Court did not consider *Rodriguez-Ruiz*, or the question of whether it was bound to defer to the BIA's reasoning therein.

Broadly stated, the *Beckford* rule can be read as permitting the Board to reopen a case on its own motion, notwithstanding a regulation which would preclude reopening on the motion to the affected individual, where a *prima facie* showing has been made that there has been a "miscarriage of justice," as previously defined by the Board in cases such as *Matter of Malone,* 11 I&N Dec. 730 (BIA 1966) (individual who was deported on grounds that did not constitute basis for deportation may attack prior order as "miscarriage of justice" in subsequent proceedings, regardless of whether appeal was waived, or how many subsequent deportation proceedings have been conducted).

So stated, the *Beckford* rule would cover the case at bar. Mr. Reyna is not longer subject to removal. Indeed, the undersigned has seen other cases involving lawful permanent residents which, upon a determination that the LPR was not subject to removal, the Board reopened on its own motion, and would request the same treatment herein.

Respectfully Submitted,

*Thelma Garcia by* [signature]

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, Texas 78550
(956) 425-3701

*[signature] with permission*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, with Exhibit, was mailed, first-class postage prepaid, to INS District Counsel, P.O. Box 1711, Harlingen, Texas 78551, this 27th day of December, 2002.

3

CAUSE NO. CR 00 11 07208

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 79th JUDICIAL DISTRICT |
| EUGENIO REYNA MONTOYA | § | BROOKS COUNTY, TEXAS |

### ORDER MODIFYING JUDGMENT

On Dec. 3rd 2002, the motion of EUGENIO REYNA MONTOYA, the defendant in the above-numbered and styled cause, to modify the judgment signed and entered for this cause on November 1st 2001, which motion came on regularly for consideration, due notice having been given, and the parties appeared by their attorneys.

On considering the pleadings on file with the Court, the evidence received, and the arguments of counsel, the Court finds and concludes that the motion should be granted in the interests of justice and equity, and to avoid a manifest injustice.

ORDERED, that the plea of guilt and deferred adjudication previously entered in this Court on November 1st 2001 for the above-numbered and styled cause be modified to indicate that the Court's order of deferred adjudication is not based on any guilty plea. This Court's previous orders remain constant and in full effect, yet the acceptance of the guilty plea has been withdrawn as if it had never been entered. The entry of judgment as modified is ordered *nunc pro tunc*.

Dated: Dec 3rd 2002

_____
The Honorable ~~Terry Canales~~

Entered:_____

_____
Clerk of the 79th Judicial District Court



AT 10:10 O'CLOCK A M  FILED
DEC 03 2002
Non ___, Jr. Dist. Clerk, Brooks Co., TX
BY _____ Deputy

**STATE OF TEXAS**
**COUNTY OF BROOKS**

I, Noe Guerra, Jr., District Clerk of Brooks County, Texas do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on: Aug 3, 2002 and appears of record in my office.

WITNESS my official hand and seal of office this
Aug 3, 2002

Noe Guerra, Jr., District Clerk
Brooks County, Texas

By _Mary Harz_ Deputy