United States District Court
Southern District of Texas
FILED

FEB 2 6 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EUGENIO REYNA-MONTOYA, ET AL., ) | |
| ) | |
| Petitioners, ) | |
| ) | CIVIL ACTION NO. B-02-144 |
| v. ) | |
| ) | |
| AARON CABRERA, ) | |
| INS DISTRICT DIRECTOR ) | |
| JOHN ASHCROFT, Attorney General ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S MOTION TO STRIKE PETITIONER'S EXHIBIT D

In response to Petitioner's recent filing of its "Exhibit D" - the BIA's February 5, 2003 denial of Petitioner's Motion to reopen with the Board - Respondent Immigration and Naturalization Service ("INS") moves to strike Exhibit "D" because it is irrelevant, insofar as Petitioner is raising a challenge in habeas that he should first present to the Court of Appeals. Respondent reasserts all previous motions and in the interest of brevity, prior arguments are incorporated by reference.

### ARGUMENT

**THE BOARD'S DENIAL OF PETITIONER'S MOTION TO REOPEN IS PROPERLY THE SUBJECT OF A PETITION FOR REVIEW WITH THE FIFTH CIRCUIT.**

*Petitioner is Again Attempting to Leap-Frog The Proper Course of Review by the Fifth Circuit.*

Petitioner's most recent pleading essentially argues that:

"OK. I tried to reopen with the Board. They shot me down. NOW

1

can I have my habeas granted?" This argument seems logical but glosses over the simple fact that Petitioner is still raising a <u>purely legal challenge</u> to a Board decision that <u>should be properly brought in the Court of Appeals</u>. As stated earlier, there is no jurisdictional impediment to the Court of Appeals under INA Sec. 242(a)(2)(C) if the Petitioner is arguing - as he is - that he is not a criminal alien. <u>Balogun v. Ashcroft</u>, 270 F.3d 274, 278 (5th Cir. 2001) ("Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts.").

Exhibit D has no relevance to the instant habeas petition because Petitioner has failed to present the argument to the Court of Appeals. Furthermore, this entire habeas action is ill-founded because Petitioner is raising legal arguments that should be the subject of a petition for review. Because the Exhibit D is irrelevant to this proceeding - which is in turn, jurisdictionally infirm due to Petitioner's persistent refusal to follow the proper exhaustion procedure for bringing habeas actions - Exhibit D should be stricken forthwith.

Petitioner's abuse of the habeas corpus petition should not be condoned. Petitioner's continued post-pleading filings, shifting arguments, and attempts to interject new facts to the record impart a fluid quality on a proceeding which should ostensibly consist of a petition, return, and reply. The

metamorphosis of Petitioner's claim - first, he argued he was not an aggravated felon, and now he argues that he is not convicted of any crime at all - renders this habeas proceeding into an evolving debate that will change all the more the longer it drags on. The result is not a legal action with a foreseeable conclusion but an interminable ninth inning in a tied game seven of the World Series.

## CERTIFICATE OF CONSULTATION

Since this is a motion to strike under FRCP 12(f), consultation is not required. See Local Rule 7.1(d).

\
\
\
\
\
\
\
\
\
\
\
\
\

## CONCLUSION

Petitioner has failed to present his arguments to the Court of Appeals for the Fifth Circuit. Petitioner's Exhibit D is a final order which should be the subject of a petition for review to the Fifth Circuit. Accordingly, the Court should strike Petitioner's Exhibit "D".

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director

_____, with permission
For PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

Dated: February 26, 2003

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2003, a copy of the foregoing "RESPONDENT'S MOTION TO STRIKE PETITIONER'S EXHIBIT D" was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586

/s/ _____, with permission
For PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EUGENIO REYNA-MONTOYA, ET AL., ) | |
| ) | |
| Petitioners, ) | |
| ) | CIVIL ACTION NO. B-02-~~026~~ 144 |
| v. ) | |
| ) | |
| E.M. TROMINSKI, ) | |
| INS DISTRICT DIRECTOR ) | |
| BOARD OF IMMIGRATION APPEALS ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Having reviewed the motion and pleadings on file this Court is of the opinion that the Respondent's motion to strike Petitioner's Exhibit D should be GRANTED.

Signed this _____ day of _____, 2002.

_____
HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE