United States District Court
Southern District of Texas
FILED

MAR 1 4 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA,       )
                             )
v.                           )    C.A. B-02-144
                             )
AARON CABRERA, et al.        )
_____ )

**PETITIONER'S OPPOSITION TO RESPONDENTS;
MOTION TO STRIKE PETITIONER'S EXHIBIT D**

Eugenio Reyna-Montoya, ("Mr. Reyna"), through counsel, files the instant opposition to Respondents' Motion to Strike Petitioner's Exhibit D, which was filed in response to INS' assertion that his Exhibit C should have first been presented to the BIA.

In their Motion to Strike Petitioner's Exhibit D, INS claimed that Mr. Reyna is attempting to "leapfrog" review before the Fifth Circuit with respect thereto, (INS:1). However, in their opposition to Petitioner's Exhibit C, INS asserted that he should have filed a motion to reopen with the BIA. In essence, this was a claim that he failed to exhaust available administrative remedies. In his opposition to INS' Motion to Strike, Mr. Reyna noted that the exhaustion doctrine only applies to administrative remedies available "as of right," and that the Fifth Circuit has held that motions to reopen are not generally within its scope.[1] He further showed that, under 8 C.F.R. §3.2(c)(2), such a motion may only be filed within 90 days of the BIA's decision. Because the Order at issue did not come into existence until more than 90 days after the BIA's decision, Mr. Reyna did not have a "right" to seek reopening for the BIA to consider its impact.

Nonetheless Mr. Reyna did submit Exhibit C to the BIA, requesting that the Board reopen proceedings. By Order dated February 5, 2003, the Board noted that the 90-day deadline for filing a motion

---

[1] *See, Goonsuwan v. Ashcroft*, 252 F.3d 383, 387 (5th Cir. 2001).

to reopen had passed on October 16, 2002, and that the "motion to reopen was therefore filed out of time." The Board further "decline[d] to reopen the proceedings *sua sponte*," but gave no explanation for its refusal. Petitioner's Exhibit D, herein incorporated by reference. Indeed, it does not appear that the Board gave Petitioner's Exhibit C any consideration at all. [2]

The instant aspect of the case is intimately related to the case as originally filed. Exhibit D was filed primarily to show that he did not have a "right" to a motion to reopen. [3]

In conclusion, it is urged that Exhibit D conclusively demonstrates that there were no administrative remedies available to Mr. Reyna "as of right" which he could have exhausted, since more than ninety days had lapsed from the time of the BIA's decision before the State Court Order was issued. See, 8 C.F.R. §3.2(c)(2).

And, as previously shown, the Order presented as Exhibit C was not issued pursuant to a Texas rehabilitative or expungement statute, as there exists no such statute. Hence, under the BIA's

---

[2] Notably, although it was signed by his counsel of record, the Board characterized the motion as having been filed *pro se*, and served the denial directly on Mr. Reyna. Attorney Thelma Garcia has represented from the beginning, and the record of proceedings contains her notice of appearance as attorney of record. The Board's treatment of the motion as having been filed pro se therefore indicates that the Board did not obtain the record of proceedings before denying the motion, and therefore could not have afforded it meaningful consideration.

[3] Alternatively, this Court could exercise supplemental jurisdiction under 28 U.S.C. §1367, to review the latest decision on its merits. Said jurisdiction extends to the limits of this Court's Article III power, and would certainly encompass review of the instant Order. See, Charles Alan Wright et al., 13B *Federal Practice and Procedure* § 3567.2 (2d ed. Supp. 1994) (noting that under §1367 supplemental "jurisdiction extends to the limits of Article III").

2

construction of 8 U.S.C. §1101(a)(48)(A), to which this Court should grant appropriate deference under *Chevron USA, v. Natural Resources Defense Council*, 467 U.S. 837 (1984) the Order merits full faith and credit, under 28 U.S.C. §1738, (requiring federal courts to accord full faith and credit to state court judgments). *See also, In Re Rodriguez-Ruiz,* 22 I&N Dec. 1378 (BIA 2000).

Consequently, it is urged that Mr. Reyna is no longer subject to removal, and the instant petition should be granted.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and proposed Order, were mailed, first-class postage prepaid, to Paul Fiorino, Attorney, OIL, P.O. Box 878 Ben Franklin Station, Washington D.C. 20044, this 14th day of March, 2003.