IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 2 2003

Michael N. Milby
Clerk of Court

EUGENIO REYNA-MONTOYA,            )
                                  )
v.                                )
                                  )   CIVIL ACTION NO. B-02-144
AARON CABRERA, ACTING             )
DIRECTOR, HLG/DO, THE             )
IMMIGRATION & NATURALIZATION      )
SERVICE, and                      )
JOHN ASHCROFT, UNITED STATES      )
ATTORNEY GENERAL                  )
_____ )

## SUPPLEMENTAL POINTS AND AUTHORITIES
## REGARDING HABEAS CORPUS JURISDICTION
## AND THE "VACATED" CONVICTION

COME NOW, the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby file these supplemental points and authorities regarding habeas corpus jurisdiction and the viability of the state court criminal conviction that arose at the hearing held on April 29, 2003.

JURISDICTION

The Honorable District Court Judge Hanen brought the Fifth Circuit Court of Appeals decision in Flores-Garza v. INS, ___

1

F.3d ___, 2003 WL 1893262 (5th Cir. April 17, 2003) to the attention of the parties and queried how it affected each party's position. Having only read the decision once and without considering its affect on this case, the Government was unable to distinguish the holding in <u>Flores-Garza</u> from the cases before the Court at the hearing on April 29, 2003. Upon closer scrutiny of the <u>Flores-Garza</u> decision, the Government would espouse the following.

In its decision, the Fifth Circuit affirmed that it has jurisdiction to determine whether a person is an alien who is removable by reason of having been convicted of an aggravated felony or other jurisdiction-barring offense, if the alien does not concede removability on one of those grounds. <u>Flores-Garza</u> at *4. The court of appeals has jurisdiction to determine whether an alien is removable for a conviction of an aggravated felony where he is contesting his removability based on his first-time state drug offense for felony drug possession.

> However, with respect to this petition for review, our inquiry into the scope of our jurisdiction must begin and end with the **undisputed facts** that Flores is an alien who is removable by reason of his two marijuana convictions in 1991 and 1996. These additional and **uncontested convictions** for controlled substances offenses *independently* trigger §1252's jurisdictional-stripping provisions and render consideration of the merits of Flores's constitutional and

2

>    statutory claims, which arise in connection
>    with Flores's 1972 burglary, unnecessary and
>    irrelevant -- that is, moot -- for purposes
>    of determining the scope of our jurisdiction
>    to review this removal order of the BIA.

Id. (emphasis added).

In this case, Reyna-Montoya is disputing the finding of removability based on his drug conviction because, he opines, if he had been prosecuted under federal law, he would have been afforded treatment under the Federal First Offender Act. As a result, the drug conviction could not have been considered a removable offense and he would not have been ordered removed. He further argues that the application of the Federal First Offender Act to immigration cases was a policy decision and not based on the "definition" of "conviction".

Flores-Garza does not suggest a blanket rule that if the offense is a jurisdiction-stripping occurrence, habeas jurisdiction is proper. The decision in Flores-Garza is unique and limited by its facts. It only holds that where an alien cannot obtain direct review in the court of appeals of his legal challenge to removability for a conviction of a particular offense, then there is habeas review of that issue. This is consistent with Rivera-Sanchez v. Reno, 198 F.3d 545, 547 (5th Cir. 1999) ("as we have stated. . . habeas jurisdiction exists

3

only where 'challenges [to deportation orders] cannot be considered on direct review by the court of appeals;"); Requena-Rodriguez v. Pasquerell, 190 F.3d 299, 305 (5th Cir. 1999) (habeas jurisdiction exists to review "statutory and constitutional challenges if those challenges cannot be considered on direct review"). See also, Castro-Cortez v. INS, 239 F.3d 1037 (9th Cir. 2001).

The Fifth Circuit acknowledged that if there is a question regarding the removability of an alien, the court of appeals is the proper forum. Flores-Garza holds, however, that there is no direct review of the issue of whether an alien is removable for a conviction of an aggravated felony where removability has been conceded on another ground that would trigger jurisdiction-stripping. Under the particular facts of Flores-Garza, it was unnecessary to resolve the aggravated felony issue because Flores had conceded he was removable for the drug convictions, jurisdiction-stripping offenses by themselves. Hence, the issue of whether the 1972 burglary was an aggravated felony would not be reviewed because Flores had already conceded that he was removable for the drug convictions and jurisdiction was eliminated.

4

In this case, Reyna-Montoya has not conceded that he is removable. He is contesting the finding of removability based on his drug conviction because he believes he should be afforded treatment similar to that prescribed in the Federal First Offenders Act. If he were so treated, the offense would not be considered a removable offense and he would not be facing removal from the United States.

Based on the foregoing, the Respondents maintain that Reyna-Montoya should have taken a direct appeal to the Fifth Circuit Court of Appeals in the first instance. As a result, the Respondents continue to advocate that this Court lacks jurisdiction to hear this case and renews its motion to transfer this case to the Fifth Circuit Court of Appeals.

CONVICTION

The Respondents continue to maintain their position that the Order Modifying Judgment (Petitioner's Exhibit "C") should be stricken from the record since it was not considered by the Board of Immigration Appeals before its affirmation of the immigration judge's decision. However, if this Court finds that it does have jurisdiction to consider the conviction and its

alleged vacatur, the Respondents contend the conviction remains valid for immigration purposes.

When constructing the definition of "conviction," Congress omitted any exception for vacated convictions. "If Congress had not wanted vacated convictions to remain valid for the purposes of immigration laws, it easily could have included an exception for vacated convictions in the statutory definition [of "conviction"]. ... This lack of an exception for vacated convictions in §1101(a)(48)(A) strongly implies that Congress did not intend any such exception." Renteria-Gonzalez v. INS, 322 F.3d 804, 813 (5th Cir. 2002). Five circuit courts, including the Fifth Circuit, have held that a vacated state conviction remains valid for immigration purposes. Id.; see also, Moosa v. INS, 171 F.3d 994, 1010, n.9 (5th Cir. 1999). Therefore, in the Fifth Circuit, vacated or otherwise expunged convictions remain valid for immigration purposes.

Even the specially concurring opinion agrees with the majority's decision in Renteria-Gonzalez. However, Judge Benavides would take the analysis one step further and determine whether the vacatur was based on a defect in the underlying criminal proceedings or on reasons unrelated to the merits of the underlying criminal proceedings. Renteria-Gonzalez at 822.

6

The vacatur in this case would not even pass Judge Benavides' test because the language plainly indicates that the order modifying the judgment is "granted in the interests of justice and equity, and to avoid a manifest injustice." Petitioner's Exhibit "C". Nowhere in the order is there an indication that there was some defect in the underlying criminal proceeding to justify the withdrawal of the guilty plea.

Therefore, based on the foregoing, if this Court decides it can review the Petitioner's Exhibit "C", the order modifying the judgment, the Respondents believe the vacatur does not invalidate the conviction for immigration purposes. Reyna-Montoya remains convicted of a removable drug offense and the order of removal is valid.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

May 2, 2003

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Supplemental Points and Authorities Regarding Habeas Corpus Jurisdiction and the "Vacated" Conviction was mailed via first class mail, postage prepaid to:

>Lisa Brodyaga, Esquire
>Refugio Del Rio Grande
>17891 Landrum Park Rd.
>San Benito, TX  78586

on this 2nd day of May, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney