IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 2003

Michael N. Milby
Clerk of Court

EUGENIO REYNA-MONTOYA,           )
                                 )
                                 )
v.                               )
                                 )   CIVIL ACTION NO. B-02-144
AARON CABRERA, ACTING            )
DIRECTOR, HLG/DO, THE            )
IMMIGRATION & NATURALIZATION     )
SERVICE, and                     )
JOHN ASHCROFT, UNITED STATES     )
ATTORNEY GENERAL                 )
_____  )

**RESPONDENTS' REPLY TO PETITIONER'S
NOTICE OF PERTINENT DECISION**

COME NOW, the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby file this reply to the petitioner's notice of pertinent decision, Gonzalez-Gonzalez v. Weber, Civil Action No. 03-RB-0678 (MJW), United States District Court for the District of Colorado, May 22, 2003.

The pertinence of Gonzalez-Gonzalez v. Weber is tenuous at best. Gonzalez-Gonzalez can be distinguished from this case on its facts. Gonzalez-Gonzalez modified his conviction while his appeal was pending. Therefore, the decision in his case was not

1

27

administratively final. Reyna-Montoya's conviction was modified on December 3, 2002, after his removal order had become administratively final, July 18, 2002. Reyna-Montoya's conviction, entered November 1, 2001, was after the Fifth Circuit Court of Appeals' ("Fifth Circuit") decision in U.S. v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. [May 11] 2001), which disapproved of the Board of Immigration Appeals' ("Board") decision in Matter of K-V-D-, 22 I&N Dec. 1163 (BIA 1999) reaffirming Matter of L-G-, 21 I&N Dec. 89 (BIA 1995) and ignoring U.S. v. Hinjosa-Lopez, 130 F.3d 691 (5th Cir. 1997). The immigration judge's decision, dated March 5, 2002, was entered after the Board's decision in Matter of Salazar-Regino, 23 I&N Dec. 223 (BIA [February 14] 2002), which found that possession of a controlled substance was an aggravated felony.

In Gonzalez-Gonzalez, the conviction and immigration judge's decision pre-dated Hernandez-Avalos and Salazar-Regino. Additionally, neither of these cases applies to Gonzalez-Gonzalez because he is outside the Fifth Circuit and the Board will not apply Fifth Circuit decisions to cases arising outside its jurisdiction. See, Matter of Yanez-Garcia, 23 I&N Dec. 390 (BIA 2002).

Finally, the Respondents point out the obvious - <u>Gonzalez-Gonzalez</u> is an unpublished Colorado District Court's opinion that is not supported by the Circuit Court law and has no authority in this jurisdiction.

Therefore, based on the foregoing, this Court should give <u>Gonzalez-Gonzalez v. Weber</u> minimal, if any, weight in deciding the issues in this case.

 

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

_____
LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

June 10, 2003

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Reply to Petitioner's Notice of Pertinent Decision was mailed via first class mail, postage prepaid to:

>Lisa Brodyaga, Esquire
>Refugio Del Rio Grande
>17891 Landrum Park Rd.
>San Benito, TX  78586

on this 10th day of June, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney